642 S.E.2d 733

## In re AMENDMENTS TO the SOUTH CAROLINA APPELLATE COURT RULES.

Supreme Court of South Carolina.

March 7, 2007.

## ORDER

The South Carolina Bar has proposed amending Rule 401, South Carolina Appellate Court Rules, to allow students at the Charleston School of Law to appear on behalf of clients and engage in other permitted activities through clinical legal education programs at the Charleston School of Law. Currently, only students at the University of South Carolina School of Law are permitted to engage in such activities.

Because the American Bar Association's Council of the Section of Legal Education and Admissions to the Bar has voted to grant provisional accreditation to the Charleston School of Law, we hereby adopt the amendments as set forth in the attachment to this order. The amendments are effective immediately.

IT IS SO ORDERED.

JEAN H. TOAL, C.J., JAMES E. MOORE, E.C. BURNETT, III, and COSTA M. PLEICONES, JJ.

JOHN H. WALLER, JR., J., not participating.

## RULE 401

## STUDENT PRACTICE RULE

(a) This Rule is adopted solely in aid of the clinical legal education programs at the University of South Carolina School of Law and the Charleston School of Law.

(b) An eligible law student may appear in any inferior court or before any administrative tribunal on behalf of any indigent person, with that person's written consent, or on behalf of the State or any of its departments, agencies, institutions, or

political subdivisions, with the written approval of the Attorney General. If referred to the clinical legal education program by a state or federal court, department, agency, institution, or other department of the University of South Carolina School of Law or the Charleston School of Law, an eligible law student may also appear in an inferior court or before an administrative tribunal on behalf of a non-indigent person or non-profit organization with the written consent of the person or the written approval of the organization's governing body or executive officer. The consent or approval shall be filed in the record of the case and shall be brought to the attention of the judge or the presiding officer. In all cases, a supervising lawyer is required to be personally present throughout the proceeding.

(c) An eligible law student may engage in other activities, under a lawyer's general supervision, but outside the lawyer's presence, including:

(1) preparation of the pleadings, briefs and other legal documents to be approved and signed by the supervising lawyer;

(2) assisting indigent inmates of correctional institutions in preparing applications and supporting documents for post-conviction relief. If there is an attorney of record in the matter, all such assistance must be supervised by that attorney and all documents submitted to the court on behalf of the inmate must be signed by the attorney. Solicitation of representation of indigent inmates shall be a violation of this Rule.

(d) In order to make an appearance pursuant to this Rule, a law student must:

(1) be enrolled in the University of South Carolina School of Law or the Charleston School of Law;

(2) have completed the equivalent of four (4) semesters of legal studies;

(3) be certified by the Dean of the respective School of Law as being of good character and competent legal ability, and as being currently enrolled in a clinical course. The certification shall be filed with the Clerk of the Supreme Court and shall remain in effect for eighteen (18) months or until the announcement of the results of the first Bar examination

following the student's graduation, whichever is earlier. The certification of students who pass the Bar examination shall remain in effect until they are admitted to the Bar. The certification may be withdrawn by the respective Dean at any time upon written notice to the Clerk or may be terminated by the Supreme Court without notice or hearing and without any showing of cause;

(4) neither ask for nor receive any compensation or remuneration of any kind for services performed pursuant to this Rule. Nothing in this provision shall be interpreted to prevent the law student from receiving course credit from the respective School of Law for his participation in the clinical programs, or to preclude the clinical programs from seeking attorney's fees where appropriate; and

(5) certify in writing that the student is familiar with, and will be governed by the Rules of Professional Conduct adopted by the Supreme Court. Any student who violates the Rules of Professional Conduct or fails to abide by the conditions of this Rule shall be subject to disciplinary action by the Supreme Court.

(e) The supervising lawyer shall be approved by the Dean of the respective School of Law and shall assume personal professional responsibility for the student's guidance and for supervising the quality of the student's work.